JAMES M. HOLMAN, Plaintiff-Appellee, v. BUD SIMBORG, Defendant (Simborg Development Company, Inc., Defendant-Appellant).

First District (4th Division)   No. 86—1030

Opinion filed February 19, 1987.

Crooks & Gilligan, Ltd., of Chicago (John W. Gilligan, of counsel), for appellant.

Doyle & Ryan, Ltd., of Chicago (James M. Harman, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

This lawsuit originated when the plaintiff, James M. Holman, filed a two-count complaint against the defendants, Bud Simborg and Simborg Development Company, Inc., to recover damages for injuries he sustained on August 16, 1975, while working on the roof of a building owned and managed by the defendants. Count I was based on negligence, and count II charged the defendants with violations of the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, pars. 60 through 69). The trial court granted the defendants' motion for a directed finding on the Structural Work Act count, and the cause proceeded to determination solely upon the negligence count. On August 17, 1982, the jury returned a verdict for the plaintiff which contained a finding that he suffered total damages in the amount of $116,371. Applying the doc-

trine of comparative negligence, which would not have applied to the Structural Work Act count, the jury found that the plaintiff had been 65% comparatively negligent and accordingly reduced the damages to $40,730.

The plaintiff appealed the directed finding on the Structural Work Act count, and the defendants appealed from the judgment on the negligence count. During the course of the appellate proceedings, however, the defendants abandoned their appeal. This court, in an order pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23), held that the trial court erred in directing a finding in favor of the defendants on the Structural Work Act count and remanded the cause for a new trial on liability only with damages fixed at the $116,371 "total damages" finding in the original jury verdict. *Holman v. Simborg* (1983), 119 Ill. App. 3d 1159, 471 N.E.2d 248.

The facts giving rise to the instant appeal occurred when, subsequent to this court's Rule 23 order but prior to trial on remand on the Structural Work Act count, the plaintiff accepted from the defendants a payment of $40,730 plus interest in satisfaction of the August 17, 1982, judgment on the negligence count. As noted earlier, this figure represented only 35% of the plaintiff's total damages due to the application of the doctrine of comparative negligence. At the time of payment, the defendants presented for the court's consideration a proposed order stating that "[plaintiff], the judgment creditor, having received full satisfaction and payment, releases the judgment." The plaintiff's attorney objected to the wording of the order and, after argument, the court modified the order to state that plaintiff, "having received full satisfaction and payment *of the judgment of August 17, 1982*, releases the judgment." (Emphasis added.)

When the cause came to trial on the issue of liability under the Structural Work Act, the defendants moved to dismiss the cause on the ground that the plaintiff had received full satisfaction for his injury. The trial court denied the defendants' motion, but certified the question to this court pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308). This court declined to consider the question at that time, and the cause proceeded to trial. On February 5, 1986, a jury rendered a verdict for the plaintiff on the issue of liability and the court entered damages in the amount of $75,641, which represented the difference between the $116,371 in total damages assessed by the original jury and the $40,730 paid to the plaintiff in satisfaction of the judgment on the negligence count.

In this appeal, the defendants contend that the order of satisfaction and release was entered in full satisfaction of the injury and that the

plaintiff was thereby precluded from obtaining a second judgment after retrial on the Structural Work Act count.

■■■ Initially, we note that although the defendants characterize the order in question as a release, we believe it is more in the nature of an accord and satisfaction. An accord and satisfaction is generally defined as an agreement to discharge a debt or claim by some performance other than that which was originally due. (*Kreutz v. Jacobs* (1976), 39 Ill. App. 3d 515, 518, 349 N.E.2d 93; 1 C.J.S. *Accord and Satisfaction* sec. 2, at 458 (1985).) It is distinguishable from a release in that a release is a relinquishment of a right, which may be given gratuitously or for inadequate consideration, while an accord and satisfaction is the discharge of a debt or claim by the acceptance of some payment which is agreed to constitute full satisfaction. (1 C.J.S. *Accord and Satisfaction* sec. 7, at 464 (1985).) An accord and satisfaction is contractual in nature, and, as in all contracts, the intent of the parties is of central importance. (*Gord Industrial Plastics, Inc. v. Aubrey Manufacturing, Inc.* (1982), 103 Ill. App. 3d 380, 383-84, 431 N.E.2d 445.) Thus, a transaction will constitute an accord and satisfaction of a claim only where both parties intend it to have that effect. (*Amoco Oil Co. v. Segall* (1983), 118 Ill. App. 3d 1002, 1012, 455 N.E.2d 876; 1 Am. Jur. 2d *Accord and Satisfaction* sec. 14, at 311 (1962).) When a payment of less than what is claimed is tendered and accepted, it will not constitute an accord and satisfaction of the entire claim unless it can be demonstrated that the creditor intended to accept it as full satisfaction. (*Brubaker v. United States* (7th Cir. 1965), 342 F.2d 655, 661-62; *Gord Industrial Plastics, Inc. v. Aubrey Manufacturing, Inc.* (1982), 103 Ill. App. 3d 380, 431 N.E.2d 445.) In the absence of such intent, the partial payment will operate as a discharge of only the amount paid, and the creditor will be entitled to maintain an action to recover the balance of his claim. 1 C.J.S. *Accord and Satisfaction* sec. 37, at 511-12 (1985).

■ Thus, the question to be decided in the case at bar is whether the parties intended the defendants' payment of the negligence judgment to operate as the full satisfaction of the plaintiff's injury claim. To determine the intent of the parties, it is necessary to examine the language of the order of satisfaction and release in light of the circumstances existing at the time of the transaction. (*Hulke v. International Manufacturing Co.* (1957), 14 Ill. App. 2d 5, 31, 142 N.E.2d 717.) The record shows that at the time the order was entered, both parties were aware that the cause had been remanded for a new trial on the issue of liability under the Structural Word Act count. There was no question that the defendants, having abandoned their appeal on the amount of the negligence judgment, owed the plaintiff at the very least the

amount paid pursuant to the order. It was under these circumstances that the plaintiff insisted on qualifying the language of the order to include a statement that it was intended to encompass only the "judgment of August 17, 1982." We therefore conclude that the qualifying language contained in the order, when considered in light of the parties' knowledge that a second trial would take place, establishes that the plaintiff did not intend to accept the payment as full satisfaction of his injury claim. Thus, no accord and satisfaction was effected at that time, and the plaintiff was not barred from pursuing a judgment on the Structural Work Act claim.

■ As previously stated, the defendants characterize the order in question as a release rather than an accord and satisfaction. In support of their position, the defendants rely upon cases which state the proposition that a full or unqualified release of one of several joint tortfeasors will operate to release all. (*Porter v. Ford Motor Co.* (1983), 96 Ill. 2d 190, 449 N.E.2d 827; *Artoe v. Navajo Freight Lines, Inc.* (1978), 65 Ill. App. 3d 119, 382 N.E.2d 492.) With respect to its effect on third persons, an accord and satisfaction operates much like a release. (1 C.J.S. *Accord and Satisfaction* sec. 23, at 489 (1985).) On the principle that there can be but a single satisfaction for an injury or wrong, an accord and satisfaction made by one of two or more joint tortfeasors will operate to discharge the others. (*City of Chicago v. Babcock* (1892), 143 Ill. 358, 366-67, 32 N.E. 271; *Hulke v. International Manufacturing Co.* (1957), 14 Ill. App. 2d 5, 24, 142 N.E.2d 717.) However, where a payment made by one joint tortfeasor is not intended to constitute satisfaction in full, it will not result in a discharge of the others, although it will operate as a partial satisfaction to be credited to any recovery against the remaining tortfeasors. *City of Chicago v. Babcock* (1892), 143 Ill. 358, 32 N.E. 271.

■ Even if we were to accept the defendants' contention that the order constitutes a release rather than an accord and satisfaction, we would reach the same result. In *Parmelee v. Lawrence* (1867), 44 Ill. 405, a case involving the release of coobligors on a contract, the Illinois Supreme Court disapproved the common law rule that a release of one of several joint tortfeasors releases all, even where the release contains an express reservation of rights against the others. Instead, it adopted the more reasonable view that where a release "upon its face, and in connection with the surrounding circumstances, [shows] that it was the intention of the parties not to release the coobligors, such intention, as in the case of other written contracts *** shall be construed as a covenant not to sue" thereby giving affect to the intention of the parties. (*Parmelee v. Lawrence* (1867), 44 Ill. 405, 413-14.) In its more recent

decision in *Porter v. Ford Motor Co.* (1983), 96 Ill. 2d 190, 449 N.E.2d 827, the supreme court cited with approval the rationale of *Parmelee* and stated that where there is an express reservation or qualifying language contained in a release, it will be construed so as to carry out the intention of the parties. This intent is to be discerned from the language of the instrument itself when read in light of the circumstances surrounding the transaction. (*Porter v. Ford Motor Co.* (1983), 96 Ill. 2d 190, 449 N.E.2d 827; *Chubb v. Amax Coal Co.* (1984), 125 Ill. App. 3d 682, 466 N.E.2d 369.) We conclude from these principles of law that where it is clear from the language of the release that the parties intended the amount received to be a partial rather than full satisfaction, the release will not be construed in a manner which would preclude further recovery. (See *Adams Express Co. v. Beckwith* (1919), 100 Ohio St. 348, 126 N.E. 300; W. Prosser, Torts sec. 49, at 304 (4th ed. 1971).) The order in question, which contained the express reservation that it was intended to encompass only the "judgment of August 17, 1982," shows that the parties did not intend to include within the terms of the order the possible judgment on the Structural Work Act count.

■ The defendants also cite a second line of cases stating the general proposition that for one injury, there may be but one satisfaction. (*Halka v. Zupan* (1979), 68 Ill. App. 3d 616, 386 N.E.2d 439; *Stevens v. B & L Package Liquors, Inc.* (1978), 66 Ill. App. 3d 120, 383 N.E.2d 676; *Witek v. Leisure Technology Midwest, Inc.* (1976), 39 Ill. App. 3d 637, 350 N.E.2d 242; *Shiflett v. Madison* (1969), 105 Ill. App. 2d 382, 245 N.E.2d 567; *Haupt v. Golick* (1965), 57 Ill. App. 2d 481, 206 N.E.2d 542; *McClure v. Lence* (1951), 345 Ill. App. 158, 102 N.E.2d 546.) We express no disagreement with this proposition, but believe that the satisfaction to which the plaintiff is entitled is the one agreed upon by the parties. As previously discussed, the order of satisfaction and release indicates that it was not intended as a full satisfaction for the plaintiff's injury. Moreover, a review of the above-cited cases reveals that they all have as their central concern the prevention of a double recovery on the part of the plaintiff. In the instant cause, the amount received under the terms of the order was deducted from the judgment obtained following trial on the Structural Work Act count, thus precluding any danger of a double recovery.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

McMORROW, P.J., and LINN, J., concur.