DAN ILOH, Plaintiff-Appellant, v. ELEANOR STEIN, Defendant-Appellee.

Third District   No. 3—91—0097

Opinion filed March 20, 1992.

Diane Greanias, of Warren E. Danz, P.C., of Peoria, for appellant.

Quinn, Johnston, Henderson & Pretorius, Chartered, of Peoria (Bradley W. Dunham, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

Plaintiff appeals the dismissal of his complaint and the denial of his motion to reconsider. The issue presented is whether language on the face of a check issued on behalf of defendant and accepted by plaintiff operates as a release to bar plaintiff's present cause of action. We conclude that the trial court erred in determining that the check operated as a release of plaintiff's claim. Therefore, we reverse the dismissal of plaintiff's complaint.

Plaintiff, Dan Iloh, filed suit against defendant, Eleanor Stein, for injuries allegedly sustained in an automobile accident. Defendant served plaintiff with a request for admissions pursuant to Supreme Court Rule 216 (134 Ill. 2d R. 216). Defendant requested that plaintiff admit that an exhibit attached to the request was an accurate copy of a check issued to plaintiff by defendant's insurance carrier for bodily injury claims arising from the accident. The request further alleged that plaintiff endorsed and deposited the check, retaining the proceeds thereof, and that no portion of the monies was returned.

Defendant also filed a motion for dismissal of the action pursuant to section 2—619(a)(6) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(6)) based upon plaintiff's acceptance of the purported settlement check. Defendant alleged that the release and satisfaction of plaintiff's bodily injury claims barred the instant suit.

Plaintiff responded to the request to admit well past the 28 days required in Rule 216(c). (134 Ill. 2d R. 216(c).) Plaintiff's response included a number of affidavits concerning the circumstances surrounding the negotiation of his claim and his acceptance of the check.

The trial court granted defendant's motion to strike the late-filed response. Also stricken were plaintiff's memoranda and addi-

tional affidavits filed in opposition to defendant's motion to strike. Without any specific findings, the court granted defendant's motion to dismiss. Plaintiff's motion for reconsideration was denied, and he appeals.

We note that plaintiff concedes that by failing to timely respond, he admitted the matters set forth in the request. Our court has consistently held that a litigant's failure to file a timely response under Rule 216(c) results in automatic admission of the facts as stated in the request. (*Johannsen v. General Foods Corp.* (1986), 146 Ill. App. 3d 296, 496 N.E.2d 544.) As a result of the trial court's action striking plaintiff's response, as well as plaintiff's supplemental affidavits and memoranda, our review of the record does not include plaintiff's statements concerning the circumstances surrounding the purported settlement of his claim.

In support of her motion to dismiss, defendant filed two affidavits from Lisa Sipp, a claims representative with Allstate Insurance Company, defendant's insurance carrier. Ms. Sipp stated that she met with plaintiff three days after the accident and received a telephone call from him three weeks after the accident. On both occasions he refused her offer of $75 as "final settlement" for his bodily injury claim. At their last meeting five weeks after the accident, Ms. Sipp stated that she and plaintiff discussed his bodily injury claim. She asked plaintiff if he had visited a doctor, and he replied "no." Ms. Sipp stated that she then offered $160, representing $85 in lost wages and $75 to cover any other claimed losses for bodily injury. Plaintiff accepted. She stated that she issued a check to plaintiff for $160. On the face of the check, Ms. Sipp wrote the following notation on three middle lines next to the preprinted words "IN PAYMENT OF":

> "Settlement of claim under Bodily Injury coverage arising from accident on 6/5/9 [*sic*]."

Ms. Sipp stated that she tendered the check with the explanation that it represented full and final settlement of plaintiff's bodily injury claim. She further stated that plaintiff accepted the check without qualification. In a supplemental affidavit, Ms. Sipp attached a copy of a traffic accident report, which reported "no indication of injury" by plaintiff. Ms. Sipp stated that she relied upon this report in her "settlement negotiations" with plaintiff. Ms. Sipp stated that Allstate does not require execution of a "formal" written release for "claims of this size ($160)." Ms. Sipp stated that she issued the check with the intention of making full and final settlement of any and all of plaintiff's bodily injury claims.

Plaintiff maintained in his motion for reconsideration that he sustained injuries to his back from the impact of the accident and that he has incurred chiropractic bills exceeding $1,000 for treatment of his injuries. He states that he was unaware of the nature, extent, severity and permanence of his injuries at the time he accepted the $160 check from defendant's insurance carrier. He argues on appeal that a mutual mistake of fact requires rescission of the check's operation as a release.

Plaintiff has the burden of establishing that a mutual mistake of fact occurred and that the settlement of $160 was unconscionable. (*Antal v. Taylor* (1986), 146 Ill. App. 3d 863, 867, 497 N.E.2d 305, 307.) All the facts, including those which become known after the release has been executed, must be considered in determining whether there was a mutual mistake of fact and whether or not the settlement was unconscionable. *Newborn v. Hood* (1980), 86 Ill. App. 3d 784, 786, 408 N.E.2d 474, 476.

Neither party to this appeal recognizes, however, that application of the rules regarding the setting aside of releases of personal injury claims *presumes the existence of a valid release*.

This court was presented with the identical issue on similar facts in *Gutierrez v. Schultz* (1982), 109 Ill. App. 3d 372, 440 N.E.2d 451. The plaintiff in *Gutierrez* cashed a $6,000 check from Allstate Insurance Company, the defendant's insurance carrier, after filing an action against defendant for injuries sustained when he was struck by a truck driven by defendant. On the face of the check, next to the words "In payment of," were the typewritten words "Any and all claims including bodily injury arising from accident of 12-12-78 in Sterling, Ill." (*Gutierrez*, 109 Ill. App. 3d at 377, 379, 440 N.E.2d at 455, 456.) The court concluded that a genuine issue of fact existed as to whether the plaintiff intended his endorsement to be a release of all claims. (*Gutierrez*, 109 Ill. App. 3d at 378, 440 N.E.2d at 455.) Following a discussion of cases involving words of release on the back of an endorsed check, the court in *Gutierrez* reasoned:

> "In those cases the language with respect to release, while general, was clear and direct, and it was on the reverse side of the check, where an endorser would be sure to notice it, before endorsing. In the instant case, the language on the check did not use the words *release, discharge, settle*, or even *payment in full*. Furthermore, the language of release *** herein was in regular size print in the middle of the front of the check. We are not dealing in this case with a document

entitled release and settlement, but rather with a document whose primary stated purpose and whose outward formal characteristics indicate that it is merely a check. \*\*\* This document, except for the sentence with respect to what the payment was being made for, was in all other respects a check." (Emphasis in original.) *Gutierrez*, 109 Ill. App. 3d at 377, 440 N.E.2d at 455.

In the instant case, as in *Gutierrez*, the language of release was in the middle of the front of a check. The words "release," "discharge," or "payment in full" were not used. Although the word "[s]ettlement" was included, it is used in conjunction with language referring to a claim made under the insured's "Bodily Injury coverage." This language could conceivably be disregarded by plaintiff as a company memorandum referencing the source of funds to pay the claim. Also, no words of completeness, such as "any and all claims" were present. Finally, the purported release, while not completely illegible, was nonetheless handwritten, in contrast to the typed language appearing on the check in *Gutierrez*. *Cf. Schultheis v. McWilliams Electric Co.* (1991), 219 Ill. App. 3d 571, 579 N.E.2d 1100 (plaintiff's endorsement and cashing of check *with knowledge of contents of accompanying letter* demonstrated intent to release defendant from claim).

We find the language on the check endorsed by plaintiff was insufficient to operate as a release of his bodily injury claims against defendant. We conclude that the check is not a bar to plaintiff's present cause of action. Accordingly, we reverse the dismissal of plaintiff's complaint and remand for further proceedings.

Reversed and remanded.

BARRY, P.J., and STOUDER, J., concur.