ELIZABETH SOLOMON *et al.*, Plaintiffs-Appellees, v. AMERICAN NA-
TIONAL BANK AND TRUST COMPANY, as Trustee, Defendant-Appellant.

First District (1st Division) No. 1—92—0204

Opinion filed February 8, 1993.

Sanford Kahn, Ltd., of Chicago (Richard W. Christoff, of counsel), for appellant.

Solomon & Behrendt, of Chicago (Arthur Solomon and Lois Solomon, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs Elizabeth Solomon, Meah Helfand and Tracy Bean had leased an apartment in a building owned by defendant, American National Bank and Trust Company, as trustee under trust No. 10914307. After vacating the apartment, plaintiffs brought suit against defendant for failing to promptly return their security deposit in violation of the Chicago Residential Landlord Tenant Ordinance (Chicago Municipal Code §5—12—080 (1992)). On cross-motions for summary judgment, the circuit court of Cook County entered summary judgment in favor of plaintiffs. For the following reasons, we affirm.

The record on appeal indicates the following facts. On April 24, 1990, plaintiffs entered into a lease for an apartment in a building owned by defendant. Plaintiffs paid approximately $1,350 as a security deposit. On April 30, 1991, plaintiffs vacated the apartment. On May 15, 1991, the building property manager mailed a letter to plaintiffs advising them that their security deposit would be returned minus deductions for late charges and the cost of cleaning the refrigerator, resulting in each plaintiff receiving $452.33.

Subsequently, defendant issued a check to each plaintiff in the amount of $452.33. These checks were dated June 26, 1991, and were mailed with a postmark dated June 27, 1991. Each check contained language on its face stating "S.D. 281-A pd. in full" and language on the reverse side stating "Security deposit pd. in full." Each plaintiff crossed out the above-quoted language and cashed the checks. Later, the building property manager was notified by plaintiffs' attorney in a letter dated July 9, 1991, that plaintiffs disputed defendant's calculations. The letter also demanded payment of an additional $1,350 plus interest, asserting rights under the Chicago Residential Landlord Tenant Ordinance, which provides in relevant part:

"(d) The landlord shall within 45 days after the date that the tenant vacates the dwelling unit, return to the tenant the security deposit or any balance thereof and the required interest thereon ***

***

(f) If the landlord or landlord's agent fails to comply with this section, the tenant shall be awarded damages in an amount equal to two times the security deposit plus interest at five percent together with court costs and reasonable attorney's fees. This subsection does not preclude the tenant from recovering other damages to which he may be entitled under this chapter." Chicago Municipal Code §§5—12—080(d), (f) (1991).

On July 25, 1991, plaintiffs brought suit against defendant. Plaintiffs moved for summary judgment on October 21, 1991, after defendant's answer admitted that plaintiffs vacated the apartment on April 30, 1991, and that the checks were mailed on June 27, 1991. Defendant filed a cross-motion for summary judgment, asserting that there had been an accord and satisfaction as a matter of law.

On December 19, 1991, the trial court denied defendant's motion and granted plaintiffs' motion. The trial court entered judgment for plaintiffs in the amount of $3,000 plus costs, representing double the amount of the security deposit plus $300 in attorney fees. Defendant timely filed a notice of appeal to this court.

Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, 484, 507 N.E.2d 19, 21.) In order to withstand a motion for summary judgment, the nonmoving party must come forward with evidentiary material that establishes a genuine issue of fact. (*Salinas v. Chicago Park District* (1989), 189 Ill. App. 3d 55, 545 N.E.2d 184.) Absent an abuse of discretion by the trial court, summary judgment will not be reversed. *Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 475 N.E.2d 549.

■■ Defendant's first contention on appeal is that the trial court erred in concluding that there was no accord and satisfaction in this case. To constitute an accord and satisfaction there must be: (1) a *bona fide* dispute; (2) an unliquidated sum; (3) consideration; (4) a shared and mutual intent to compromise the claim; and (5) execution of the agreement. (*Grove v. Winter* (1990), 197 Ill. App. 3d 406, 413, 554 N.E.2d 722, 726.) An accord and satisfaction is contractual in

nature; thus, the intent of the parties is of central importance. (*Holman v. Simborg* (1987), 152 Ill. App. 3d 453, 456, 504 N.E.2d 967, 969.) The debtor must show that the creditor intended to accept the payment of less than what is claimed as full satisfaction; otherwise, the payment operates only as a discharge of the amount paid. (See *Holman*, 152 Ill. App. 3d at 456, 504 N.E.2d at 969.) To determine the intent of the parties, it is necessary to examine the language of the relevant documents. See *Holman*, 152 Ill. App. 3d at 456, 504 N.E.2d at 969; see also *Suburban Bank v. Bousis* (1991), 144 Ill. 2d 51, 59, 578 N.E.2d 935, 939 (written agreement is presumed to express mutual intent absent clear and convincing evidence to the contrary).

■ The language of the checks the landlord sent to the tenants clearly refers to plaintiffs' security deposits being paid in full. However, this language does not establish that the landlord intended that cashing the checks would extinguish the plaintiffs' claims for landlord's failure to refund the security deposit within the time prescribed by law. Thus, this case is distinguishable from *Schultheis v. McWilliams Electric Co.* (1991), 219 Ill. App. 3d 571, 573, 579 N.E.2d 1100, 1101, *Nelson v. Fire Insurance Exchange* (1987), 156 Ill. App. 3d 1017, 1019, 510 N.E.2d 137, 138-39, and *Quaintance Associates, Inc. v. PLM, Inc.* (1981), 95 Ill. App. 3d 818, 822-23, 420 N.E.2d 567, 570, where the relevant documents expressly referred to paying or settling *claims*. Instead, this case is more similar to *Holman*, in which this court held that the specific language of a judgment order fully satisfied a negligence claim, but did not bar a Structural Work Act claim. (See *Holman*, 152 Ill. App. 3d at 456-57, 504 N.E.2d at 969-70; see also *Iloh v. Stein* (1992), 226 Ill. App. 3d 644, 647-48, 589 N.E.2d 1054, 1055 (check without words of completeness did not constitute accord and satisfaction); *Bevelheimer v. Gierach* (1975), 33 Ill. App. 3d 988, 995, 339 N.E.2d 299, 305 (accord and satisfaction does not bar matter not contemplated by agreement).) In this case, even if the check operated as an accord and satisfaction of a claim to the security deposit refund, it did not operate to preclude the statutory claim that defendant failed to provide the refund within the time specified in the ordinance.

Defendant argues that plaintiffs need not have actually known that the checks were offered in full payment of all claims plaintiffs may have had against defendant, so long as a reasonable person would have known. (See *Lafrentz & Karstens Co. v. Cavanagh* (1911), 166 Ill. App. 306, 310.) The argument overlooks the specific language used on the checks. This court must seek a reasonable interpretation

of a contract, and a strong presumption exists against provisions which could easily have been included in the agreement. (*Prime Group, Inc. v. Northern Trust Co.* (1990), 215 Ill. App. 3d 1065, 1069, 576 N.E.2d 841, 844.) *Schultheis, Nelson* and *Quaintance* suggest that had defendant intended that the checks serve as accord and satisfaction for damages to which plaintiffs were legally entitled above and beyond the refund, defendant could have used language to that effect. Consequently, we conclude that the trial court did not abuse its discretion in ruling that the language on the check did not preclude summary judgment.

■■ Defendant also contends that the judgment entered was excessive. The trial court entered judgment against defendant in the sum of $3,000, representing a doubling of the amount of plaintiffs' security deposit ($1,350 x 2 = $2,700) plus $300 in attorney fees. Defendant argues that the trial court should have offset the judgment by $1,357 to account for the three checks previously issued to plaintiffs. Defendant contends that the judgment exceeds the damages available under section 5—12—080(f) of the ordinance.

The parties have cited no cases regarding the interpretation of section 5—12—080(f) of the ordinance, and our research discloses none. When construing an ordinance, a court should consider each section of the ordinance in connection with every other section, rather than isolating sections. (See *Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d .304, 318, 547 N.E.2d 437, 443.) As noted above, the ordinance provides:

> "If the landlord or landlord's agent fails to comply with this section, the tenant shall be awarded damages in an amount equal to two times the security deposit plus interest at five percent together with court costs and reasonable attorney's fees. This subsection does not preclude the tenant from recovering other damages to which he may be entitled under this chapter." (Chicago Municipal Code §5—12—080(f) (1991).)

The ordinance further provides:

> "To the extent that this chapter provides no right or remedy in a circumstance, the rights and remedies available to landlords and tenants under the laws of the state of Illinois or other local ordinances shall remain applicable." (Chicago Municipal Code §5—12—190 (1991).)

The parties dispute whether the security deposit refund may be deemed part of the "damages" provided for in section 5—12—080(f).

Reading the ordinance as a whole, we conclude that the deposit is not included in the statutory damages available under subsection (f).

We note that the ordinance provides for the return of the deposit *and* statutory damages where the landlord fails to issue a proper receipt to a tenant or prospective tenant. (Chicago Municipal Code §§5—12—080(b), (f) (1991).) As the ordinance does not expressly provide for the return of the deposit in the situation presented on appeal, plaintiffs' recovery of the deposit itself is governed by State law or other local ordinances. (Chicago Municipal Code §5—12—190 (1991).) Defendant has failed to demonstrate in this case that plaintiffs were not entitled to the refund under State law or other local ordinances. Consequently, defendant has failed to demonstrate that the trial court's award of $3,000 in damages was an abuse of discretion in this case.

 Finally, plaintiffs seek additional attorney fees incurred in defending this appeal. This issue was not raised by plaintiffs in the trial court, probably due to uncertainty over whether the judgment would be appealed. This court is entitled to have the issue clearly defined and to be cited to pertinent authority. (See, *e.g.*, *In re Marriage of Winton* (1991), 216 Ill. App. 3d 1084, 576 N.E.2d 856.) On appeal, the parties have cited cases which speak in general terms of statutory construction or are instances where appellate fees were granted. Neither party, however, discusses any recent case law that addresses the specific issue of whether a statute or ordinance of the sort at issue here allows for recovery of appellate fees. Consequently, we remand the matter to the trial court in order that the parties may fully brief the issue and that the trial court have the first opportunity to consider it.

For the aforementioned reasons, the judgment of the circuit court of Cook County finding defendant liable in the amount of $3,000 is affirmed and the case is remanded for proceedings consistent with this opinion regarding attorney fees for this appeal.

Affirmed and remanded.

MANNING, P.J., and O'CONNOR, J., concur.