BARBARA SAICHEK, Plaintiff-Appellant, v. MALGORZATA LUPA, a/k/a Margaret Lupa, *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—01—2843

Opinion filed April 26, 2002.

Robert B. Morton, of Chicago, for appellant.

O'Hagan Smith & Amundsen, L.L.C., of Chicago (Michael Resis and James S. Smith, of counsel), for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Barbara Saichek, appeals an order of the circuit court granting defendant Malgorzata Lupa's section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1998)) motion to dismiss plaintiff's negligence complaint based on a satisfaction/release of judgment that plaintiff executed with codefendant Valentin Zdunkevich. On appeal, plaintiff contends that the court erred in granting the motion to dismiss where plaintiff executed the satisfaction/release of judgment only as to Zdunkevich, and plaintiff did not intend to release her claim against Lupa. We reverse and remand for further proceedings.

Plaintiff sustained injuries when the cab in which she was riding, driven by Zdunkevich, collided with a car driven by Lupa. Plaintiff filed a two-count complaint, with count I alleging Lupa's negligence in causing the collision and count II alleging negligence on the part of Zdunkevich. While Lupa filed an answer to the complaint, Zdunkevich defaulted when he did not file an appearance or any other response. The case was assigned for a prove-up of damages and the court entered a default judgment against Zdunkevich in the amount of $40,792. Plaintiff then filed an action against American Country Insurance Company (American Country), Zdunkevich's insurer, to collect on the judgment. After American Country agreed to pay the judgment for $40,792 plus costs, plaintiff executed a satisfaction/release of judgment as to American Country and Zdunkevich. The satisfaction/release of judgment specifically states that it pertains to the release of judgment "entered *only* against Valentin N. Zdunkevich & American Country Insurance" and the "cause remains pending as to defendant Malgorzata Lupa." (Emphasis added.)

Lupa then filed a section 2—619 motion to dismiss plaintiff's complaint against Lupa based on the satisfaction/release of judgment. The trial court granted Lupa's motion, stating:

> "[T]here has been a judicial determination to the amount of damages [plaintiff] suffered during this car accident. Because the damages are capped at $40,792 under that Holman case, *** that's the cap of her damages. She's gotten every penny, plus costs and interest. There is nothing that could proceed against Lupa."

Plaintiff filed this timely appeal.

■ The sole issue on appeal is whether the trial court erred in granting Lupa's motion to dismiss when the satisfaction/release of judgment executed by plaintiff specifically stated it released the judg-

ment "only" against Zdunkevich and American Country. The standard of review for motions to dismiss is *de novo*. *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389 (2001).

Our case is similar to *Holman v. Simborg*, 152 Ill. App. 3d 453 (1987). In *Holman*, the plaintiff filed a two-count complaint against the defendants to recover damages for injuries he sustained while working on the roof of a building owned and managed by defendants. *Holman*, 152 Ill. App. 3d at 454. Count I was based upon defendants' negligence, and count II charged defendant's liability under the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, pars. 60 through 69). *Holman*, 152 Ill. App. 3d at 454. The trial court granted defendants' motion for a directed finding on the Structural Work Act count, and the cause proceeded to trial on the negligence count. *Holman*, 152 Ill. App. 3d at 454. On August 17, 1982, the jury returned a verdict in favor of plaintiff, finding plaintiff suffered total damages in the amount of $116,371. The jury also found plaintiff 65% comparatively negligent and reduced the award accordingly to $40,730. *Holman*, 152 Ill. App. 3d at 454-55. The plaintiff in *Holman* appealed the directed finding. The appellate court remanded the cause for a new trial on defendants' liability under the Structural Work Act with damages fixed at $116,371 "total damages" found by the original jury verdict. *Holman*, 152 Ill. App. 3d at 455.

Prior to the trial on remand, the plaintiff accepted a payment by defendants of $40,730 plus interest in satisfaction of the August 17 judgment on the negligence count. *Holman*, 152 Ill. App. 3d at 455. The court issued an order stating that plaintiff, " 'having received full satisfaction and payment of the judgment of August 17, 1982, releases the judgment.' " (Emphasis omitted.) *Holman*, 152 Ill. App. 3d at 455. The cause proceeded to trial on the Structural Work Act count and the jury rendered a verdict in favor of plaintiff for $75,641, the difference between total damages of $116,371, and the $40,730 paid to plaintiff in satisfaction of judgment on the negligence count. *Holman*, 152 Ill. App. 3d at 455.

■ The defendants appealed, contending that the payment made in satisfaction of the negligence claim operated as a full satisfaction of plaintiff's injury claim. *Holman*, 152 Ill. App. 3d at 455-56. The appellate court disagreed, holding that "the intent of the parties [was] of central importance" (*Holman*, 152 Ill. App. 3d at 456) and:

> "To determine the intent of the parties, it is necessary to examine the language of the order of satisfaction and release in light of the circumstances existing at the time of the transaction. [Citation.] The record shows that at the time the order was entered, both parties were aware that the cause had been remanded for a new trial

on the issue of liability under the Structural [Work] Act count. There was no question that the defendants, having abandoned their appeal on the amount of the negligence judgment, owed the plaintiff at the very least the amount paid pursuant to the order. It was under these circumstances that the plaintiff insisted on qualifying the language of the order to include a statement that it was intended to encompass only the 'judgment of August 17, 1982.' We therefore conclude that the qualifying language contained in the order, when considered in light of the parties' knowledge that a second trial would take place, establishes that the plaintiff did not intend to accept the payment as full satisfaction of his injury claim." *Holman*, 152 Ill. App. 3d at 456-57.

Here, plaintiff's claim for damages alleged one count of negligence against Lupa and another negligence count against Zdunkevich. Plaintiff subsequently executed a satisfaction/release of judgment for $40,792 "only" as to Zdunkevich and his insurer, American Country, specifically stating that the "cause remains pending as to defendant Malgorzata Lupa." As in *Holman*, the qualifying language contained in the order, when considered in light of the parties' knowledge that plaintiff's claim alleged one count of negligence against Lupa and one count of negligence against Zdunkevich, demonstrates that plaintiff did not intend for the $40,792 payment to constitute full satisfaction of her injury claim.

Defendant Lupa contends that the $40,792 assessed in plaintiff's prove-up constitutes total damages and plaintiff, having received the entire amount from Zdunkevich, is entitled to only one full satisfaction of her injury. Lupa argues that if plaintiff recovers additional damages from her, plaintiff would receive double recovery for her injury.

■ Lupa's concern here is unfounded. As discussed above, plaintiff did not intend for the payment to constitute full satisfaction of her claim. Further, the record does not contain a transcript of the prove-up of damages to support Lupa's contention that the prove-up addressed the total damages of the plaintiff. The clear language of the order, absent any evidence to the contrary in the record, shows that plaintiff intended the payment to constitute only partial satisfaction of her claim. Therefore, the satisfaction/release of judgment executed against Zdunkevich and American Country does not bar plaintiff from pursuing her claim against Lupa. See *Holman*, 152 Ill. App. 3d at 456.

Further, a defendant has a right to a setoff of plaintiff's settlement with a joint tortfeasor and the defendant may raise this right at any time. *Kipnis v. Meltzer*, 253 Ill. App. 3d 67, 69 (1993). Any judgment entered against a nonsettling defendant will be reduced by the setoff

amount, even if the plaintiff's award is reduced to zero. *Kipnis*, 253 Ill. App. 3d at 68. Thus, any judgment awarded to plaintiff against Lupa will be reduced by $40,792, the amount plaintiff recovered in her judgment against Zdunkevich. Such a setoff eliminates the possibility that plaintiff will recover double damages for her injury.

For the foregoing reasons, we reverse the circuit court and remand for further proceedings.

Reversed and remanded.

BUCKLEY and O'MARA FROSSARD, JJ., concur.