CURTIS SMITH, Indiv. and as Father and Next Friend of Lacanda Smith, a Minor, Plaintiff-Appellant, v. LANETTA SMITH, Defendant-Appellee.

Fourth District   No. 4—04—1047

Opinion filed July 19, 2005.

John D. McFetridge, of Manion, Devens, McFetridge & Schum, Ltd., of Danville, for appellant.

Robert M. Gottschalk, of Hinshaw & Culbertson, L.L.P., of Champaign, for appellee.

JUSTICE TURNER delivered the opinion of the court:

In January 2003, plaintiff, Curtis Smith, individually and as father and next friend of Lacanda Smith, filed a complaint against defendant, Lanetta Smith, to recover damages for injuries sustained by Lacanda in a vehicle accident. In June 2003, defendant filed a motion to dismiss. In December 2004, the trial court granted defendant's motion and dismissed the complaint.

On appeal, plaintiff argues the trial court erred in granting defendant's motion to dismiss. We reverse.

## I. BACKGROUND

In January 2003, plaintiff, individually and as father and next friend of Lacanda, filed a complaint against defendant. The complaint alleged that on August 1, 2002, Lacanda, then six years old, was a passenger in a vehicle driven by defendant, her mother, in Indiana. Thereafter, a one-car collision occurred, and Lacanda suffered personal injuries. The complaint alleged defendant's "careless and negligent acts and/or omissions" were a proximate cause of the incident and Lacanda's injuries. Plaintiff sought judgment against defendant in excess of $50,000.

In June 2003, defendant filed a motion to dismiss pursuant to section 2—619(a)(6) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(6) (West 2002)). The motion alleged that following the accident, defendant asserted a claim on her daughter's behalf against her own insurance coverage with American Family Mutual Insurance Company (American Family). The claim for Lacanda's injuries was submitted for payment under the uninsured-motorist-coverage provision of the policy. The motion stated the cause of action was settled, the parties were released, and Lacanda was compensated for her injuries. Defendant attached a copy of a release and trust agreement signed by defendant in the amount of $1,000, releasing and discharging American Family as to all claims resulting from the accident. The motion sought dismissal of plaintiff's complaint because it had been barred by prior release.

In October 2004, defendant filed an affidavit pursuant to section 25—2 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/25—2 (West 2002)), stating (1) she was Lacanda's mother, (2) Lacanda's personal estate did not exceed $10,000, (3) no representative had been appointed for Lacanda's estate, and (4) defendant was the parent or person standing *in loco parentis* to Lacanda.

In December 2004, the trial court granted defendant's motion to dismiss. The court found defendant and her insurance company had reached a settlement under the uninsured-motorist coverage, she executed an affidavit pursuant to the Probate Act, and the cause of action had been previously released or satisfied. The court dismissed plaintiff's complaint with prejudice. This appeal followed.

## II. ANALYSIS

Plaintiff argues the trial court erred in granting defendant's motion to dismiss the complaint. We agree.

In reviewing a section 2—619 dismissal, this court must decide "whether a genuine issue of material fact exists and whether the defendant is entitled to judgment as a matter of law." *Saichek v. Lupa*, 204 Ill. 2d 127, 134, 787 N.E.2d 827, 832 (2003). The standard of review of a section 2—619 dismissal is *de novo. Saichek*, 204 Ill. 2d at 134, 787 N.E.2d at 832.

■ "Under Illinois law, a minor is a ward of the court when he is involved in litigation, and the court has a duty and broad discretion to protect the minor's interests." *Wreglesworth v. Arctco, Inc.*, 316 Ill. App. 3d 1023, 1026, 738 N.E.2d 964, 968 (2000). The court's duty is reflected in section 19—8 of the Probate Act, requiring the court to approve or reject a claim of the ward. 755 ILCS 5/19—8 (West 2002) ("By leave of court ***, a representative may compound or compromise

any claim or any interest of the ward *** in any personal estate *** upon such terms as the court directs"); see also *Ott v. Little Co. of Mary Hospital*, 273 Ill. App. 3d 563, 571, 652 N.E.2d 1051, 1057 (1995) ("guardian of a minor's estate cannot effectuate settlement without court approval of that settlement"). Further, "a parent has no legal right, by virtue of the parental relationship, to settle a minor's cause of action, and court review and approval of a settlement reached by a parent also is mandatory." *Ott*, 273 Ill. App. 3d at 571, 652 N.E.2d at 1057; see also *Wreglesworth*, 316 Ill. App. 3d at 1027, 738 N.E.2d at 968; *Meyer v. Naperville Manner, Inc.*, 262 Ill. App. 3d 141, 146, 634 N.E.2d 411, 414 (1994); *Burton v. Estrada*, 149 Ill. App. 3d 965, 976, 501 N.E.2d 254, 262 (1986) (court approval is mandatory "because it is intended to substitute a judicial determination for the guardian's personal discretion in order to provide additional protection to the ward"); *Mastroianni v. Curtis*, 78 Ill. App. 3d 97, 101, 397 N.E.2d 56, 59 (1979). Therefore, "*any* settlement of a minor's claim is unenforceable unless and until there has been approval by the probate court." (Emphasis added.) *Wreglesworth*, 316 Ill. App. 3d at 1028, 738 N.E.2d at 969.

■ In the case *sub judice*, defendant contends the trial court approved of her settlement with American Family by virtue of the affidavit filed pursuant to section 25—2 of the Probate Act (755 ILCS 5/25—2 (West 2002)). Section 25—2 provides, in pertinent part, as follows:

> "Upon receiving an affidavit that the personal estate of a ward does not exceed $10,000 in value, that no representative has been appointed for his estate[,] and that the affiant is a parent or a person standing in loco parentis to the minor ***, any person or corporation indebted to or holding personal estate of the ward may pay the amount of the indebtedness or deliver the personal estate to the affiant." 755 ILCS 5/25—2 (West 2002).

This section, however, is geared toward the person or corporation indebted to or holding property of a ward. It does not indicate the filing of an affidavit acts as a bypass to the need for court approval of a minor's claim. Section 25—2 allows the payor to discharge its obligation pursuant to a properly filed affidavit, but it does not obviate the need for the court to approve of a minor's settlement.

■ A trial " 'court, whose duty it is to protect the interests of the infant, should see to it that they are not bargained away by those assuming, or appointed, to represent him.' " *Ott*, 273 Ill. App. 3d at 571, 652 N.E.2d at 1057, quoting *Kingsbury v. Buckner*, 134 U.S. 650, 680, 33 L. Ed. 1047, 1059, 10 S. Ct. 638, 648 (1890). Here, the section 25—2 affidavit did not act as the trial court's stamp of approval. See

*In re Guardianship of Mabry*, 281 Ill. App. 3d 76, 84-85, 666 N.E.2d 16, 21 (1996) ("[a]pproving a ward's settlement is more than a mere matter of recording the parties' agreement"). The court's order does not reveal whether the court approved the terms of the settlement or whether it was in the minor's best interest. See *Mabry*, 281 Ill. App. 3d at 85, 666 N.E.2d at 21 (trial court "must make a judicial determination that the settlement is in the best interest of the ward").

Further, the agreement released American Family from all claims and was only signed by defendant on behalf of her daughter. The release does not identify defendant as a party subject to the release. Parties not specifically identified as subject to the release cannot rely upon that release as a defense. *Wreglesworth*, 316 Ill. App. 3d at 1030, 738 N.E.2d at 970. As the statutory requirement of court approval has not been met and defendant was not identified as the subject of the release, the trial court erred in granting defendant's motion to dismiss plaintiff's complaint.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment.

Reversed.

STEIGMANN and McCULLOUGH, JJ., concur.