THE MILES KIMBALL COMPANY, Plaintiff-Appellant, v. HORACE ANDERSON *et al.*, Defendants-Appellees.

First District (1st Division)   No. 83—1593

Opinion filed November 13, 1984.

Don H. Reuben, Samuel Fifer, and Daniel A. Edelman, all of Reuben & Proctor, of Chicago, for appellant.

No brief filed for appellees.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Miles Kimball Company, appeals the dismissal of its complaint for declaratory judgment against Horace Anderson (defendant) and the Giftcraft Co. On appeal, plaintiff argues: (1) the trial court erred in dismissing plaintiff's complaint *sua sponte* holding it sought an advisory opinion; and (2) plaintiff is entitled to judgment as a matter of law.

We reverse and remand.

For the purposes of adjudicating the instant dismissal, we accept all well-pleaded facts as true. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426, 430 N.E.2d 976.) However, we will not defer to unsupported conclusions of law alleged in the complaint. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426.

According to plaintiff's complaint, plaintiff sells merchandise by mail order. Plaintiff purchased merchandise from defendant for direct shipment from defendant to plaintiff's customers. Plaintiff received numerous complaints regarding the nondelivery or late delivery of merchandise plaintiff purchased from defendant. Plaintiff informed defendant of those complaints on several occasions. In late November of 1980, plaintiff informed defendant it no longer wished to do business with defendant. Defendant claimed plaintiff was under a legal obligation to continue purchasing merchandise from defendant. Defendant thereafter threatened to malign the reputation of plaintiff. Plaintiff asserts in its complaint that it is under no legal obligation to purchase merchandise from defendant.

The record before us also includes a letter purportedly authored by defendant addressed to plaintiff's counsel. The letter, dated September 22, 1982, refers to the "controversy" between plaintiff and defendant. The letter indicates defendant would settle his claims against plaintiff for $150,000. Plaintiff's complaint was filed on Octo-

ber 25, 1982. Plaintiff filed a request to admit facts which basically sought to verify the allegations in plaintiff's complaint. Defendant filed a *pro se* appearance for himself and the defendant company. Defendant has not filed pleadings in the trial court nor a brief in this court. Nevertheless, we will address the merits of the instant appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131, 345 N.E.2d 493.

■ First, plaintiff argues the trial court erred in holding there was no actual controversy between the parties.

The declaratory judgment remedy should be liberally applied without restriction by unduly technical interpretation. (*Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 452, 389 N.E.2d 529.) Although courts will not present opinions on abstract or theoretical matters, there is no requirement that a specific wrong has already been committed for a party to seek declaratory judgment. (*Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375, 362 N.E.2d 298.) "The mere existence of a claim, assertion or challenge to plaintiff's legal interests, in which the ripening seeds of litigation may be seen and which cast doubt, insecurity, and uncertainty upon plaintiff's rights or status, damages plaintiff's pecuniary or material interest and establishes a condition of justiciability." *Roberts v. Roberts* (1967), 90 Ill. App. 2d 184, 187, 234 N.E.2d 372.

In the case at bar, it is clear that "the ripening seeds of litigation may be seen." From the documents in the record before us, it appears the parties disagree as to their respective legal obligations. The fact that defendant sent a letter to plaintiff's counsel referring to the "controversy" between the parties and demanding $150,000 to settle his claim against plaintiff is evidence that an actual controversy exists. (See *Armstrong v. Motorola, Inc.* (7th Cir. 1967), 374 F.2d 764, 770.) Therefore, we conclude the trial court erred in dismissing plaintiff's complaint for declaratory judgment.

■ Second, plaintiff argues he is entitled to judgment as a matter of law. We disagree.

The critical aspect of the controversy before us is whether plaintiff has a contractual obligation to continue to purchase merchandise from defendant. Plaintiff's bald assertion in its complaint that it has no such obligation is a conclusion of law unsupported by allegations of fact, which we need not accept. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426.) We understand plaintiff's frustration in dealing with the *pro se* defendant, who has not filed pleadings. Nevertheless, we believe the interests of justice are best served by allowing defendant an additional opportunity to present his evidence. Therefore, we

remand the case and order plaintiff's complaint for declaratory judgment to be reinstated.

For the foregoing reasons, the judgment appealed from is reversed and the cause is remanded.

Judgment reversed; cause remanded.

BUCKLEY, P.J., and CAMPBELL, J., concur.