CHARLES H. BLAKEMORE, Plaintiff-Appellant, v. THEODORE PANAS et al., Defendants-Appellees.

Third District   No. 3—83—0591

Opinion filed February 25, 1985.—Rehearing denied April 17, 1985.

STOUDER, J., dissenting.

Hartman E. Stime, of Peregrine, Stime, Newman & Ritzman, Ltd., of Wheaton, for appellant.

Melvin H. Hoffman, of Hoffman, Mueller & Creedon, of Ottawa, for appellees.

JUSTICE BARRY delivered the opinion of the court:

In 1966 Charles and Anita Blakemore purchased some property within the Lake Holiday real estate development and also acquired the exclusive rights to the retail sale of food and beverage within the

development. The Blakemores also leased a portion of a lodge building for 99 years and proceeded to establish a lodge restaurant. In 1978 the Blakemores contracted to sell their interest in the lodge restaurant to the Lake Holiday Property Owners Association, Inc. The sales agreement was signed on behalf of the buyer by Theodore Panas as president and Rolande Gottlieb as treasurer and by Charles and Anita Blakemore as sellers.

After the contract of sale was executed, suit was filed by Douglas Martner, an owner of certain lots within the Lake Holiday development and a member of the Lake Holiday Property Owners Association, Inc., against that not-for-profit corporation, the members of its board of directors, and the Blakemores. The complaint asked that the sales agreement be cancelled and the parties enjoined from carrying out the agreement on the ground that the contract was *ultra vires*. Following a bench trial, the circuit court of La Salle County ruled in favor of Martner, holding that the contract was *ultra vires* in violation of article 4, section 11, of the bylaws of the corporation, which provided that the board of directors could not vary more than 5% from the operating budget of the corporation adopted at the annual meeting without calling a special meeting of the membership. In its order, the court directed the Blakemores to return all cash and other property received from the corporation, enjoined the corporation, its officers, agents, employees and board of directors from conveying any property to the Blakemores pursuant to the contract, and ordered that all parties to the agreement be "restored to their respective original status prior to the execution of said agreement." That order was dated July 27, 1980.

In February of 1981 Charles H. Blakemore filed a complaint for injunction and other equitable relief against the corporation, alleging that Blakemore had resumed operation of the lodge restaurant and that the corporation was interfering with the access to his restaurant by potential customers. This complaint was filed in Kane County, and the suit was later transferred to La Salle County. Apparently an amended complaint was filed at some point, but it is not included in the record on appeal. However, an amendment to the amended complaint is in the record, and it sets forth count IV, which complains of defendants Theodore Panas, Clarence Meyer, Warren Musick, Robert Middleton, Vivian Vermeland, and Rolande Gottlieb. Count IV seeks to recover monetary damages against the individual members of the board of directors and the officers of the corporation on the ground that defendants breached their express and implied warranties that they had authority to execute the contract of sale with plaintiff.

Defendants filed a motion for summary judgment, and the trial court entered judgment on the motion. No findings of fact or statement of reasons were filed by the trial court. Plaintiff has appealed from that judgment and has stipulated that there are no issues of fact in dispute.

On appeal, plaintiff contends that defendants should be held personally liable for breach of their express or implied warranties of authority to enter into the contract, that the prior action is not a bar to the present cause, and that defendants have no statutory defense under section 6 of the General Not for Profit Corporation Act (Ill. Rev. Stat. 1981, ch. 32, par. 163a5). After examining the briefs and the record on appeal, we find that we need not consider the issues presented by plaintiff.

Paragraph 6 of defendants' motion for summary judgment asserts that the issues raised in count IV of the amended complaint were fully litigated in the previous lawsuit, that the court determined that the parties should be restored to the status quo and that no further damages should be awarded to either of the parties, and that the trial court here should take judicial notice of the pleadings, transcript of proceedings, orders, and other matters contained in the common law record of the prior suit. Since both lawsuits were heard in La Salle County, the trial court in this cause would take judicial notice of the file of the earlier suit in disposing of this issue. An appellate court can reverse the judgment of the trial court only upon plaintiff's demonstration that the court erred. Here, the common law record of the previous proceeding has not been included in the record on appeal, and we cannot, therefore, say that the court erred in its ruling.

The applicable law regarding legal presumptions on appeal is as follows:

"On appeal, error is never presumed. Instead all reasonable presumptions are in favor of the action of the trial court. Error must be affirmatively shown by the record. The burden of supplying a record which contains all matter relied on by the trial court rests with the party claiming error. [Citation.] Where the record is incomplete, a reviewing court will indulge every reasonable presumption favorable to the judgment, order, or ruling from which the appeal is taken. Moreover, when the record on appeal is incomplete, it will be presumed that the trial court heard sufficient evidence and argument to support its decision. [Citation.] Any doubt arising from the incompleteness of the record will be resolved against the appellant." (*Aetna Life Insurance Co. v. Strickland* (1975), 33 Ill. App. 3d 52, 56, 337

N.E.2d 285, 288.)

There is nothing in the record before us to indicate that the trial judge did not take judicial notice of the record, and so we are required to assume the court did so and that the present judgment is supported by whatever is contained therein. The appellants have not met their burden of demonstrating error by showing that the record did not support the trial court.

The only document from the Martner proceeding, which is a part of the record in the instant case, is the final order, and that order is not sufficient for a determination of all the issues that were litigated or that could have been litigated in that cause. For example, Blakemore could have raised the personal liability issues by a third-party complaint in the first proceedings.

Having found that the final order is not sufficient for a determination of all possible issues, we accordingly affirm the judgment of the circuit court of La Salle County.

Affirmed.

HEIPLE, J., concurs.

JUSTICE STOUDER, dissenting:

I respectfully disagree with the majority. The majority has decided that the failure to include a complete record of the prior proceeding upon which defendant's defense of *res judicata* or collateral estoppel was based is fatal to the plaintiff's appeal of the trial court's finding that this proceeding was barred by *res judicata*. First, I do not agree that the defendant's request that the trial court take judicial notice of the prior proceeding is indicative of any necessity to do so, nor is it dispositive of the fact that the trial court actually took judicial notice in order to decide as it did that this case was barred.

The only reference to judicial notice in the record appears in defendant's motion for summary judgment, in which defendant alleged:

> "6. That the issues raised in Count IV were fully litigated in the Circuit Court of La Salle County, Illinois, in the aforementioned lawsuit, Martner v. Lake Holiday Property Owners' Association, et. al., and the Court pursuant to the Illinois Not-For-Profit Corporation Act, determined that the parties should be restored to the status quo and that no further damages should be rewarded to either of the parties. The said Order is now res judicata, and the Defendants requested this Court to

take judicial notice of the entire file in the said matter of Martner v. Lake Holiday Property Owners' Association, et. al., including the pleadings, transcript of proceedings, Orders entered by the Court and any other matters contained in the common law record of said proceedings."

However, in granting summary judgment, the trial court makes no reference to the record in *Martner*, nor is there any indication that the judge took anything into account except what was contained in the affidavits and exhibits to the motion. I do not think we are entitled to conclude that judicial notice was taken in the absence of any indication that it was. This is especially true when none of the briefs, including appellee's brief, refer to anything not now before this court.

Even more curious is the fact that this proceeding was filed in Kane County, where much of it took place, while *Martner* was filed and was conducted totally in La Salle County, and when this case was transferred to La Salle County it was assigned to a different judge. Therefore, there was no way that this judge could have taken judicial notice of his own knowledge. In the absence of anything in the record which suggests that the trial judge took judicial notice of the entire record of the *Martner* case, I believe we must assume that the trial court did not do so and that this record is complete and the same as the record before this trial judge.

Furthermore, the test as I see it is not whether the record of proceedings contains everything which the trial court had before it, but whether the record before us is sufficient to decide the issues presented to us for review. It is clear that the failure to present a report of the proceedings does not require dismissal or affirmance where the issues can be resolved on the record as it stands. (*Venturini v. Affatato* (1980), 84 Ill. App. 3d 547, 405 N.E.2d 1093; *Rosenblatt v. Michigan Avenue National Bank* (1979), 70 Ill. App. 3d 1039, 389 N.E.2d 182.) Here, the summary judgment attached a copy of the previous judgment. The prior proceeding was a suit by Martner and members of the Association against the Association and the Blakemores to enjoin the Association from proceeding with an agreement entered into between the Association and the Blakemores for the purchase of real estate. The court in *Martner* found the directors of the Association acted *ultra vires* and consequently declared the agreement void. The *Martner* suit said nothing about the liability of the officers acting individually, nor were the parties to this lawsuit aligned as adversaries in the *Martner* suit. The Blakemores and the Association officers were all defendants in the prior proceeding.

Principles of agency apply generally to corporations. (19 C.J.S.

*Corporations* sec. 993 (1940).) The court in *Martner* found that the officers of the Association had no authority to authorize an expenditure which would exceed the Association's budget more than 5%. Therefore, no actual authority existed for Panas *et al.* to enter into the agreement, nor was there implied authority, as officers of the Association did not enter into agreements to sell land in the ordinary course of business. (See *Harris Trust & Savings Bank v. Joanna-Western Mills Co.* (1977), 53 Ill. App. 3d 542, 368 N.E.2d 629.) At most, the prior summary judgment in *Martner* established that no authority existed which could have bound the Association, and the agreement was *ultra vires* and unenforceable. This in no way establishes whether the officers have any liability to the Blakemores for exceeding their authority.

Because these parties were not in an adversarial relationship in the *Martner* proceeding, no counterclaim could have been properly maintained. Therefore, it could not be successfully maintained that the issue of the officers' individual liability should have been litigated in the first proceeding. Therefore, in my opinion neither *res judicata* nor collateral estoppel bars this proceeding, and the judgment entered by the court in *Martner* is sufficient to establish that this issue was never litigated.

I would have held that it was error for the trial court to grant summary judgment on the basis that this suit was barred.