SIXTH DIVISION
February 26, 2010

No. 1-08-0679

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, MICHAEL BALESTRI and PEDRO LUNA, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) | No. 07 CH 10728 |
| | ) | |
| THE CITY OF CHICAGO, a Municipal Corporation, | ) ) | Honorable William O. Maki, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Plaintiffs State Farm Automobile Insurance Company (State Farm), Michael Balestri and Pedro Luna appeal a trial court order dismissing a declaratory judgment action against the City of Chicago (City). The trial court ruled that the complaint failed to allege an actual controversy. We disagree and reverse and remand for further proceedings.

Balestri and Luna were involved in unrelated car accidents with City-owned vehicles. The City's Department of Revenue sent Balestri, a City employee, a "notice of employee indebtedness." The notice alleged Balestri owed the City $895.38, the amount the City maintained it suffered in property damage to a police car Balestri hit. The notice read in part:

"Pursuant to [section] 2-32-392 of the Municipal Code of Chicago [(Code) (Chicago Municipal Code §2-32-392 (2009))], the failure by an employee of the

City of Chicago *** to pay a debt due and owing to the City shall be considered a violation of the Municipal Code of Chicago. Any person who violates this section shall be subject to wage garnishment proceedings to satisfy the outstanding debt. Your department is being notified of your outstanding debt and failure to come into compliance may result in discipline, up to and including discharge ***. Furthermore, employee debt (including names and amounts owed) can be requested and publicized per the Freedom of Information Act, as well as posted on the City's Website."

The notice offered Balestri two choices: (1) pay the debt in full; or (2) negotiate a payment plan with the City.

Luna, who was not a City employee, received a certified complaint alleging he violated section 8-4-120 of Code (Chicago Municipal Code §8-4-120 (2009)), which prohibits damage to City property. Unlike Balestri, Luna received a notice of hearing. The notice directed Luna to appear before the City's Department of Administrative Hearings (DOAH) for a hearing on the City's complaint.

Balestri and Luna had car insurance policies with State Farm. Both asked State Farm to defend and indemnify them against the City's claims. Rather than defend the claims before the City's DOAH, State Farm, joined by Balestri and Luna, filed this declaratory judgment action. Their complaint alleged the City's method for enforcing property damage claims was unlawful and asked for, among other things, an order enjoining the City from prosecuting its property damage claims against Balestri and Luna through the City's DOAH. The City moved to dismiss the

2

complaint on the ground that the complaint failed to allege an actual controversy. The trial court agreed, granted the City's motion and dismissed plaintiffs' complaint with prejudice.

Plaintiffs filed a notice of appeal from the trial court's order. While the appeal was pending, the City dismissed the DOAH complaint against Luna. Plaintiffs agree that Luna's declaratory judgment action against the City is now moot. We are asked to decide only whether the declaratory judgment complaint alleged an actual controversy between Balestri and the City. We review this question *de novo*. See Doe v. Chicago Board of Education, 213 Ill. 2d 19, 23-24, 820 N.E.2d 418 (2004) (a ruling on a motion to dismiss is reviewed *de novo*); Walker v. State Board of Elections, 65 Ill. 2d 543, 553, 359 N.E.2d 113 (1976) (whether an actual controversy exists and is ripe for adjudication is reviewed *de novo*).

A complaint for declaratory judgment must allege an actual controversy between the parties. Best v. Taylor Machine Works, 179 Ill. 2d 367, 382-83, 689 N.E.2d 1057 (1997). An actual controversy exists if "the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion[] or give legal advice as to future events." Underground Contractors Ass'n v. City of Chicago, 66 Ill. 2d 371, 375, 362 N.E.2d 298 (1977). Where an administrative decision is involved, the plaintiff must show the decision is "ripe" for adjudication. See Bio-Medical Laboratories, Inc. v. Trainor, 68 Ill. 2d 540, 546, 370 N.E.2d 223 (1977). The purpose of the ripeness doctrine " 'is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its

3

effects felt in a concrete way by the challenging parties.' " <u>Bio-Medical Laboratories</u>, 68 Ill. 2d at 546, quoting <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 148-49, 18 L. Ed. 2d 681, 691, 87 S. Ct. 1507, 1515 (1967).

At issue here is whether the City's notice to Balestri created an actual controversy ripe for adjudication. Plaintiffs argue the notice created an actual controversy because it threatened Balestri's legal interests. The City responds that the notice had no impact on Balestri because no further administrative action was taken to collect on the debt. Absent from the City's response is an explanation of why the notice informs Balestri of the consequences of not paying the debt (possible discharge, wage garnishment) but fails to inform him of his right to challenge the debt.

Under section 2-32-392 of the Code, the City is authorized to garnish the wages of an employee who owes the City a debt. Chicago Municipal Code §2-32-392(a) (2009). But before doing so, the City is required to give the employee notice that his wages may be garnished if he does not, within 30 days, either pay the debt, enter into a payment plan for the debt or file a written request for a hearing to dispute the debt. Chicago Municipal Code §2-32-392(b) (2009). Hearings to dispute a debt are held by the DOAH before an administrative law officer. Chicago Municipal Code §2-32-392(c) (2009). The City is required at the hearing to prove by a preponderance of the evidence the existence of the debt and the debt amount. Chicago Municipal Code §2-32-392(d)(i) (2009). "After the conclusion of the hearing, the administrative law officer shall make a final determination on the record as to whether or not a debt due and owing to the city exists against the employee. If the administrative law officer finds that a debt does exist, he or she shall issue a written order of deduction which shall also state the total amount found due

4

1-08-0679

and owing to the city by the employee." Chicago Municipal Code §2-32-392(e) (2009).

Plaintiffs cite cases in their brief that stand for the proposition that a plaintiff may seek declaratory judgment despite the absence of a real injury if the threat of injury casts doubt, insecurity and uncertainty on the plaintiff's legal interests. See, *e.g.,* Best, 179 Ill. 2d at 383-84 (personal injury plaintiffs could seek declaratory judgment on the constitutionality of a law that capped personal injury damages even though the plaintiffs' damages had not yet been decided and could be too low to trigger the law); Miles Kimball Co. v. Anderson, 128 Ill. App. 3d 805, 807, 471 N.E.2d 595 (1984) (plaintiff could seek declaratory judgment to determine parties' contractual rights where the defendant sent a letter to the plaintiff's counsel referring to the "controversy" between the parties and demanding $150,000 to settle claim); Peoples Energy Corp. v. Illinois Commerce Com'n, 142 Ill. App. 3d 917, 934, 492 N.E.2d 551 (1986) (actual controversy arose where agency sent corporation a citation directing corporation to appear before it to argue either that the agency lacked jurisdiction over the company's corporate reorganization or that the reorganization was in the public interest). Of the cases cited by plaintiffs, we find Bio-Medical Laboratories most applicable to the facts of this case.

The plaintiff in Bio-Medical Laboratories filed a complaint to enjoin the Department of Public Aid from terminating the plaintiff's participation in the Medicaid program. Bio-Medical Laboratories, 68 Ill. 2d at 546. The complaint alleged that the Department performed an audit of Medicaid payments made to the plaintiff and concluded that the plaintiff had been overpaid. Bio-Medical Laboratories, 68 Ill. 2d at 544. The Department's auditors filed a report recommending that the plaintiff's participation in the Medicaid program be terminated and action be taken to

5

recoup the overpayments. Bio-Medical Laboratories, 68 Ill. 2d at 544-45. At issue was whether the auditor's recommendation gave rise to an actual controversy. Bio-Medical Laboratories, 68 Ill. 2d at 545. The court held: "Absent defendant's announced intention, we would agree that plaintiff's action was premature. Defendant's threat of action, however, along with the recommendation of the auditors, constituted a sufficient final determination to warrant judicial consideration." Bio-Medical Laboratories, 68 Ill. 2d at 546.

The City argues Bio-Medical Laboratories is distinguishable because the agency there left no doubt of its intention to take further action against the plaintiff. The City maintains it never notified Balestri of an intent to initiate wage garnishment proceedings. We disagree. The City's notice to Balestri announces a determination of liability, indicating that Balestri's employer "is being" notified of the debt and Balestri's indebtedness "can be requested and publicized per the Freedom of Information Act, as well as posted on the City's Website." The notice makes clear: either pay the debt or be subject to wage garnishment and/or discharge. There is no mention of the right to an administrative hearing to contest the debt. As in Bio-Medical Laboratories, we find the notice "constituted a sufficient final determination to warrant judicial consideration." Bio-Medical Laboratories, 68 Ill. 2d at 546. *Cf.* National Marine, Inc. v. Illinois Environmental Protection Agency, 159 Ill. 2d 381, 383, 388-89, 639 N.E.2d 571 (1994) (agency notice informing the plaintiff that "it may be potentially liable" is not a final determination of liability and does not give rise to a justiciable claim).

The City cites the exhaustion of administrative remedies doctrine as an alternative ground for affirmance. That doctrine requires that a party aggrieved by an administrative action first

pursue all available administrative remedies before resorting to the courts. See Poindexter v. State, 229 Ill. 2d 194, 206-07, 890 N.E.2d 410 (2008). The problem with the City's exhaustion argument is that there was nothing in the notice to Balestri letting him know there was an administrative remedy available to him. The notice of employee indebtedness did not initiate an administrative proceeding under section 2-32-392 of the Code because it failed to inform Balestri of his right to a hearing. See Chicago Municipal Code §2-32-392(b) (2009). Even if it had, plaintiffs would not be required to exhaust administrative remedies because their complaint sought a declaration that the City was without authority to resolve property damage disputes through the DOAH. See Landfill, Inc. v. Pollution Control Board, 74 Ill. 2d 541, 550, 387 N.E.2d 258 (1978) ("[e]xhaustion is not required where a statute or rule under which an administrative body purports to act is challenged as unauthorized").

The judgment of the circuit court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

J. GORDON and McBRIDE, JJ., concur.