SIXTH DIVISION
SEPTEMBER 17, 2010

No. 1-09-1693


| | | |
|---|---|---|
| AMERICAN SERVICE INSURANCE COMPANY, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) ) ) | |
| v. | ) ) | No. 07 CH 06955 |
| THE CITY OF CHICAGO, | ) ) | |
| Defendant-Appellee. | ) ) | |
| (Medmarc Casualty Insurance Company, Plaintiff; David Carrillo, Sylvia Vargas, and Josue Lamontagne, Defendants.) | ) ) ) | Honorable Sophia Hall, Judge Presiding. |

.

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

This is an interlocutory appeal. The trial court dismissed the two claims

which plaintiff American Service Insurance Company (ASI) had brought against

defendant City of Chicago, on the ground that these two claims were now moot. In

this interlocutory appeal, plaintiff ASI appeals the dismissal of these two claims.

For the reasons discussed below, we reverse the partial dismissal order and remand

No. 1-09-1693

for proceedings consistent with this opinion.

BACKGROUND

1. Overview

This appeal involves two separate types of actions. First, the City of Chicago (City) filed administrative actions against David Carrillo, Sylvia Vargas and Josue Lamontagne, who were all involved in separate motor vehicle accidents that resulted in damage to City property. The automobile liability insurance policies belonging to Carrillo and Vargas were issued by ASI; and Lamontagne's policy was issued by Medmarc Casualty Insurance Company (Medmarc).

The second type of action was a suit filed in the circuit court of Cook County by ASI and Medmarc in which the insurance companies sought to defeat any liability by them for coverage for these administrative judgments. It is this suit which is the subject of this appeal. In this circuit court suit, the defendants were: the City, which had sought administrative judgments from the policyholders; and the policyholders themselves.

In the circuit court action, plaintiff ASI sought and obtained default orders against the ASI policyholders. As a result, defendant City moved to dismiss ASI's claims against it on the grounds that, since plaintiff ASI had already obtained default

orders against the policyholder defendants, it lacked standing to pursue the policyholders' claims, and that ASI's claims were now moot. The trial court granted the motion, which resulted in a partial dismissal of the case.

The only claims that were dismissed by the trial court were the claims of plaintiff ASI against defendant City. The claims that were not dismissed were: (1) plaintiff Medmarc's claims against the City; (2) plaintiff Medmarc's claims against the sole Medmarc policyholder, Josue Lamontagne; and (3) plaintiff ASI's claims against the two ASI policyholders, David Carrillo and Sylvia Vargas. Even though the dismissal was only partial, the trial court found no reason to delay the appeal of its order and this interlocutory appeal followed.

## 2. The Plaintiffs

Plaintiffs ASI and Medmarc are insurance companies that are doing business in Illinois and that provide policies of automobile liability insurance to Illinois residents.

The sole appellant is plaintiff ASI, and it appeals the trial court's order dismissing, with respect to ASI only, counts I and II. These two counts are the counts of the complaint against the City. Plaintiff Medmarc is not a party to this appeal, because the trial court stayed counts I and II with respect to plaintiff

Medmarc, and stayed counts III, IV and V with respect to both plaintiffs, pending the outcome of this appeal.

### 3. The Defendants

The sole appellee is defendant City of Chicago (City). None of the policyholder defendants filed appearances or chose to file briefs in this appeal. There appears to be some confusion concerning who the policyholder defendants are. In its notice of appeal, plaintiff ASI listed the policyholder defendants as David Carrillo, Sylvia Vargas and Josue Lamontagne. These are also the same policyholder defendants listed in the caption of both the trial court's dismissal order and plaintiffs' third amended complaint, which was the subject of the dismissal order. However, in the caption on its appellate briefs, plaintiff ASI listed the policyholder defendants as Jan Kisielewski,[1] David Carrillo, Sylvia Vargas and Stanislaw Brzeszcz.[2] By contrast, in the caption to its appellate brief, defendant

---

[1]ASI named Jan Kisielewski as a defendant in its original complaint and in its first amended complaint, but not in its subsequent complaints. On August 15, 2007, the circuit court issued a written order which stated that "Jan Kisielewski is nonsuited as a party defendant by Plaintiff [ASI] without costs."

[2]ASI moved to amend its complaint on May 2, 2007, because it claimed that

City listed the individual defendants as provided in plaintiff's notice of appeal. In this opinion, for the purpose of determining the appropriate policyholder defendants, we have relied on the notice of appeal, as well as the dismissal order and plaintiffs' own complaint.

As explained above, there are only three policyholder defendants: Carrillo and Vargas, who owned vehicles insured by plaintiff ASI; and Lamontagne, who owned a vehicle insured by plaintiff Medmarc. While operating their respective vehicles, Carrillo, Vargas and Lamontagne were all involved in separate motor vehicle collisions which resulted in damage to City property.

Defendant City filed administrative complaints in which it alleged that the policyholder defendants violated several sections of the Chicago Municipal Code.

---

two new claims had come to its attention. Those claims involved Sylvia Vargas and Stanislaw Brzeszcz, who were then added as defendants in ASI's first amended complaint. On April 9, 2007, defendant City nonsuited its administrative action against Brzeszcz. On July 5, 2007, ASI moved to default Brzeszcz, and that motion was granted by the circuit court in a written order dated July 19, 2007. ASI subsequently dropped Brzeszcz as a defendant from its third amended complaint filed on March 5, 2009.

No. 1-09-1693

In these complaints, defendant City sought money for property damage repairs, statutory penalties, attorney fees and administrative costs. The administrative complaints were brought before administrative hearing officers, in the City's Department of Administrative Hearings.

For example, the administrative complaint against defendant Carrillo contained three counts, and all three counts sought money pursuant to specific provisions of the Chicago Municipal Code. The first count was brought pursuant to section 8-4-120 of the Chicago Municipal Code, (Chicago Municipal Code, §8-4-120 amended July 29, 1998)), which provides that any person injuring city property shall be fined between $200 and $500. The second count was brought pursuant to section 1-20-020 (Chicago Municipal Code, §1-20-020 (amended July 21, 2004)), which permitted the City to recover costs; and the third count was brought pursuant to section 1-20-060 (Chicago Municipal Code, §1-20-060 (amended July 21, 2004)), which authorized the City to recover attorney fees and collection costs. Although the complaint's prefatory paragraphs alleged that defendant's actions had violated provisions of the Illinois Vehicle Code, the three counts sought monies only pursuant to specific Municipal Code sections.

### 4. The Circuit Court Complaint

The third amended complaint, filed March 5, 2009, is the subject of the trial court's dismissal order. In counts I and II, plaintiffs sought relief against defendant City. Plaintiffs sought injunctive relief in count I and declaratory relief in count II. In these counts, plaintiffs allege that the City's administrative tribunals lacked subject matter jurisdiction over motor vehicle collisions; that the City's administrative complaints violated the Illinois Constitution's guarantee of a jury trial for tort claims; and that statutory law also did not permit recovery for automobile collisions in administrative tribunals.

In counts III, IV and V, plaintiffs sought relief against the policyholder defendants. In count III, plaintiffs sought a declaration that the damages alleged by defendant City were not covered under the policies issued by plaintiffs. In count IV, plaintiff ASI claimed a policy defense of late notice against policyholder defendant Carrillo; and in count V, plaintiff Medmarc also claimed late notice against defendant Lamontagne..

### 5. Nonsuits and Default Judgements

As noted above, there are two different types of actions involved on this appeal, and default orders occurred in both types. First, there are the underlying

administrative actions by the City against the policyholders, in which the City is the plaintiff and the policyholders are the defendants. Second, there is this suit, filed by the plaintiff insurance companies in the circuit court of Cook County, in which the City is now a defendant, as are the policyholders.

In one of the underlying administrative actions, the City nonsuited the action. On December 17, 2007, the City nonsuited its administrative complaint against policyholder David Carrillo. On April 5, 2007, the City had previously obtained a default judgment against Carrillo in the amount of $12,518.08. The notice of the default judgement informed Carrillo that he had 21 days to file a petition to vacate with the Department of Administrative Hearings (DOAH). In its complaint, ASI admits that it received notice of the claim from Carrillo on February 15, 2007, long before the entry of the default judgment. The City states in its appellate brief that Carrillo subsequently filed a motion before DOAH to set aside the judgment, and that the City then nonsuited its adminstrative suit on December 17, 2007.[3]

_____

[3]In support of this statement in its appellate brief, the City cites its own summary judgment motion, dated March 17, 2008. The City does not state in either its summary judgement motion or in its appellate brief whether Carrillo's motion to vacate, filed with DOAH, was granted or denied.

In the other underlying administrative action against an ASI policy holder, the City obtained a default judgment against policyholder Sylvia Vargas on April 23, 2007, in the amount of $9,979.18.

In the circuit court action, plaintiff ASI moved for and obtained default orders against both ASI policyholder defendants, Carrillo and Vargas. The trial court granted plaintiff ASI a default order against Carrillo on January 7, 2008, and against Vargas on January 7, 2008.[4]

---

[4]In its appellate brief, defendant City claims that plaintiff ASI "sought and obtained default judgments" against the ASI policyholders. However, the orders that ASI sought and obtained were merely default orders, not final judgments. ASI's motion with respect to Carrillo stated that it "moved this Honorable Court to Enter an Order of Default against" Carrillo. ASI's motion with respect to Vargas said the same thing. Nowhere in its motions did ASI use the word "judgment." Similarly, the trial court's orders also never used the word "judgment." The trial court's order with respect to Carrillo stated simply that "Defendant David Carrillo is hereby defaulted"; and its order with respect to Vargas stated that "Defendant Sylvia Vargas is hereby found to be in default." Thus, they were default orders, not entries of a final judgment. That these were not final judgments becomes more

The appellate record does not indicate that plaintiff Medmarc moved for a default order against Lamontagne, the sole Medmarc policyholder named in the complaint; and the City did not move to dismiss plaintiff Medmarc on that ground.

### 6. Revised Administrative Complaint

Defendant City claimed that, in December 2007, it stopped using the administrative complaint at issue in this suit and replaced it with a new complaint. In its appellate brief, defendant City stated: "Although the City pursues administrative hearings in these types of cases based on damage to City property in violation of Municipal Code of Chicago, III. §§ 8-4-120, 1-20-020, 1-20-060 (2009), the old complaint also made reference to violations of the Illinois Vehicle Code when such violations were part of the factual background leading to the property damage. [Citation.] The new complaint has removed any reference to violations of the Vehicle Code and clarifies that the sole basis for the hearing is the Municipal Code violation."

---

clear, when one considers that the trial court subsequently stayed ASI's count against policyholder Carrillo for late notice. If the trial court had previously entered a final judgment against Carrillo, there would have been no need to stay this count pending the outcome of this appeal.

### 7. Motion to Dismiss

In the circuit court action, defendant City moved to dismiss counts I and II, with respect to plaintiff ASI only. Specifically, on April 9, 2009, defendant City moved to dismiss, pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2008)), on several grounds. Defendant City claimed: (1) that, since plaintiff ASI had already obtained default orders against the policyholder defendants, it lacked standing to pursue the policyholders' claims; (2) that the default orders rendered ASI's claims moot; (3) that plaintiff ASI's claims were also rendered moot because defendant City was no longer using the same administrative complaint that it used in connection with the policyholders at issue; and (4) that plaintiff may not pursue injunctive and declaratory relief to prevent defendant City from seeking administrative judgments against unidentified ASI policyholders in the future.

### 8. Orders Appealed From

On May 20, 2009, the trial court issued a written order stating: "City's motion to dismiss counts I & II against Plaintiff ASI only of Plaintiff's Third Amended Complaint is granted for the reasons indicated in the City's motion." No record of proceedings or bystander's report was provided in the appellate record.

No. 1-09-1693

On June 2, 2009, the trial court issued a written order in which it found no reason to delay enforcement and appeal, pursuant to Supreme Court Rule 304(a). 210 Ill. 2d R. 304(a) ("If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both.")

In the order dated June 2, 2009, the trial court also ruled that: "Counts I and II of [plaintiff] MEDMARC's complaint, and Counts III, IV and V of Plaintiff ASI and MEDMARC's complaint are hereby stayed until further order of this Court pending appeal by [plaintiff] ASI of the Dismissal of Counts I and II of [plaintiff] ASI's complaint."

ANALYSIS

1. Standard of Review

On appeal, plaintiff asks us to reverse the trial court's partial dismissal order, issued pursuant to section 2-619 of the Code of Civil Procedure. (Code). 735 ILCS 5/2-619 (West 2008). "A motion to dismiss, pursuant to section 2-619 of the Code, admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative

12

No. 1-09-1693

defense or other matter that avoids or defeats the plaintiffs' claim." DeLuna v. Burciaga, 223 Ill. 2d 49, 59 (2006); Solaia Technology, LLC v. Specialty Publishing Co., 221 Ill. 2d 558, 579 (2006). For a section 2-619 dismissal, our standard of review is de novo. Solaia Technology, 221 Ill. 2d at 579; Morr-Fitz, Inc. v. Blagojevich, 231 Ill. 2d 474, 488 (2008).

When reviewing "a motion to dismiss under section 2-619, a court must accept as true all well-pleaded facts in plaintiffs' complaint and all inferences that can reasonably be drawn in plaintiffs' favor." Morr-Fitz, 231 Ill. 2d at 488. "In ruling on a motion to dismiss under section 2-619, the trial court may consider pleadings, depositions, and affidavits." Raintree Homes, Inc. v. Village of Long Grove, 209 Ill. 2d 248, 262 (2004). Even if the trial court dismissed on an improper ground, a reviewing court may affirm the dismissal, if the record supports a proper ground for dismissal. Raintree, 209 Ill. 2d at 261 (when reviewing a section 2-619 dismissal, we can affirm "on any basis present in the record"); In re Marriage of Gary, 384 Ill. App. 3d 979, 987 (2008) ("we may affirm on any basis supported by the record, regardless of whether the trial court based its decision on the proper ground").

13

### 2. Timeliness of Section 2-619 Motion

"For a motion to be properly brought under section 2-619, the motion (1) must be filed 'within the time for pleading,' and (2) must concern one of nine listed grounds." River Plaza Homeowner's Ass'n v. Healey, 389 Ill. App. 3d 268, 275 (2009), quoting 735 ILCS 5/2-619(a) (West 2006). In the case at bar, the third amended complaint was filed on March 5, 2009. On March 12, 2009, the circuit court issued a written order directing defendant City to "answer or otherwise plead to Plaintiffs' Third Amended Complaint on or before April 9, 2009." Following this order, defendant City moved to dismiss on April 9, 2009. Thus defendant City's section 2-619 motion was timely.

### 3. Subject Matter of Section 2-619 Motion

The second requirement for a section 2-619 motion is that it must concern one of the nine grounds listed in section 2-619. River Plaza, 389 Ill. App. 3d at 275. A section 2-619 motion is permitted only on the following grounds:

> "(1) That the court does not have jurisdiction of the
>
> subject matter of the action, provided the defect cannot be
>
> removed by a transfer of the case to a court having
>
> jurisdiction.

14

(2) That the plaintiff does not have legal capacity to sue or that the defendant does not have legal capacity to be sued.

(3) That there is another action pending between the same parties for the same cause.

(4) That the cause of action is barred by a prior judgment.

(5) That the action was not commenced within the time limited by law.

(6) That the claim set forth in the plaintiff's pleading has been released, satisfied of record, or discharged in bankruptcy.

(7) That the claim asserted is unenforceable under the provisions of the Statute of Frauds.

(8) That the claim asserted against defendant is unenforceable because of his or her minority or other disability.

(9) That the claim asserted against defendant is

15

> barred by other affirmative matter avoiding the legal effect
>
> of or defeating the claim." 735 ILCS 5/2-619(a) (West
>
> 2008).

We have previously held that a claim of mootness is properly considered under the last ground of section 2-619, as an affirmative matter avoiding the legal effect of or defeating the claim. Barber v. American Airlines, Inc., 398 Ill. App. 3d 868, 879 (2010); Chicorp, Inc. v. Bower, 336 Ill. App. 3d 132, 136-37 (2002) . See also Akinyemi v. JP Morgan Chase Bank, N.A., 391 Ill. App. 3d 334, 339 (2009) ("regarding section 2-619 of the Code, we hold that dismissal under this section was proper as well, since plaintiff's claim is moot"); Sadler v. Creekmur, 354 Ill. App. 3d 1029, 1039-40 (2004). Thus, defendant City's motion satisfied the second requirement of a section 2-619 motion, that the motion concern one or more of the listed grounds. Having determined that, procedurally, this motion was properly brought under section 2-619, we must next determine whether, substantively, it was properly granted.

### 4. Substance of Section 2-619 Dismissal

As noted in the Background section above, defendant City moved to dismiss on several grounds. It claimed: (1) that, since plaintiff ASI had already obtained

16

default orders against the policyholder defendants, it lacked standing to pursue the policyholders' claims; (2) that the default orders rendered ASI's claims moot; (3) that plaintiff ASI's claims were also rendered moot because defendant City was no longer using the same administrative complaint that it used in connection with the policyholders at issue; and (4) that plaintiff may not pursue injunctive and declaratory relief to prevent defendant City from seeking administrative judgments against unidentified ASI policyholders in the future. The trial court stated only that the City's motion was "granted for the reasons indicated in the City's motion." Since we may affirm on any ground present in the record, we may reverse only if none of these grounds are supported by the record. Raintree, 209 Ill. 2d at 261 (when reviewing a section 2-619 dismissal, we can affirm "on any basis present in the record"); In re Marriage of Gary, 384 Ill. App. 3d at 987 ("we may affirm on any basis supported by the record, regardless of whether the trial court based its decision on the proper ground").

a. Standing

First, defendant City claimed in its motion to dismiss that "ASI does not have standing to pursue its Insureds' claims because ASI's Insureds have been defaulted by" the trial court. As previously discussed in footnote 4 above, although plaintiff

17

No. 1-09-1693

ASI obtained default orders against its policyholders, no final declaratory judgment has been entered by the trial court in this case. Thus, plaintiff still has standing to pursue its policyholder's claims.

A default order and a default judgment are two different things. If a defendant is served with process and fails to enter an appearance, file pleadings or make any other response to plaintiff's complaint, the plaintiff may move for entry of a default judgment pursuant to section 2-1301 of the Code (735 ILCS 5/2-1301 (West 2008)). Saichek v. Lupa, 204 Ill. 2d 127, 129 (2003). If the trial court grants the motion, then it will first enter an order of default in favor of plaintiff and against defendant. Saichek, 204 Ill. 2d at 129. The Code then requires that the defendant be notified of the default order. 735 ILCS 5/2-1302(a) (West 2008) ("Upon the entry of an order of default, the attorney for the moving party shall immediately give notice thereof *** against whom the order was entered"); Saichek, 204 Ill. 2d at 129. The trial court may set aside any default order, in its discretion, before entry of the final judgment. 735 ILCS 5/2-1301(e) (West 2008).

After a default order is entered, the trial court may hold a " 'prove-up' hearing." Saichek, 204 Ill. 2d at 129-30. Although a default may be deemed an admission of the material facts stated in the complaint, a trial court also has the

18

discretion to require a plaintiff to present proof of the factual allegations in its complaint. Universal Casualty Co. v. Lopez, 376 Ill. App. 3d 459, 465,464 (2007) (although "a default is regarded as an admission of the material facts stated in the complaint," a trial court also has "discretion to require proof of the allegations in the complaint"); 735 ILCS 5/2-1301(d) (West 2008) ("Judgment by default may be entered for want of an appearance or for failure to plead, but the court may in either case, require proof of the allegations of the pleadings upon which relief is sought"). If the plaintiff fails to meet its burden of proof at a prove-up, the trial court may refuse to enter a default judgement. Universal Casualty, 376 Ill. App. 3d at 464 ("Where an insurer is not prepared to meet its burden of proof ***, a court may properly refuse to enter a default judgment in the insurer's favor"). In addition, a default is not deemed an admission of the legal "conclusions in the complaint." Universal Casualty, 376 Ill. App. 3d at 466 ("A default does not admit the conclusions in the complaint" (emphasis in original)). Thus, even after the entry of a default order, a plaintiff might not be able to secure a favorable final judgment, if (1) the trial court requires proof of the factual allegations and the plaintiff fails to satisfy its burden, or (2) the trial court finds that the legal conclusions in the complaint are not valid, or (3) the trial court exercises its discretion to set aside a

No. 1-09-1693

default order, as it may do anytime before entry of the final judgment. 735 ILCS 5/2-1301(e) (West 2008).

Since a default order is no guarantee of ultimate success, a plaintiff must be permitted to pursue alternate theories of recovery, until a final judgment is secured. Cf. Saichek, 204 Ill. 2d at 131-32 (after plaintiff received a final judgment, she could not pursue an alternate theory of recovery for the same injury). Since the issues between the insurance company and its policyholders are still unresolved, the insurance company has no less standing after the default orders than it did before.

In addition, it is unpersuasive for the City to argue that the insurance carrier lacks standing, when a default judgment would not necessarily terminate the City's rights against the insurance company. Insurance Co. of North America (ICNA) v. Cape Industries, Ltd., 138 Ill. App. 3d 720, 725 (1985) ("the default against the insured and the termination of his rights did not terminate the rights of the injured party" against the insurance company). Under Illinois public policy, an insurance policy is not necessarily a private matter between an insurer and its insured: the rights of an injured party, such as the City, against a liability insurer, such as ASI, vest at the moment of the accident giving rise to the underlying claim against the insured, such as Carrillo and Vargas. State Farm Fire & Casualty Co. v. Perez, 387

20

Ill. App. 3d 549, 552 (2008); Record-A-Hit, Inc. v. National Fire Insurance Co. of Hartford, 377 Ill. App. 3d 642, 645 (2007); Reagor v. Travelers Insurance Co., 92 Ill. App. 3d 99, 102-03 (1980). Illinois courts have held that a liability insurance carrier, such as ASI, cannot cut off the rights of an injured third party, such as the City, merely by obtaining a default judgment against the insured. ICNA, 138 Ill. App. 3d at 725 ("a liability insurance carrier cannot cut off the rights of a third [party] who has filed suit against the insured merely by obtaining a judgment against the insured declaring that a policy defense is operative"). Conversely, it must then be the case that the insurance company also has standing to litigate issues with an injured third party who has sued its insured. Cf. ICNA, 138 Ill. App. 3d at 725 (an injured "party having brought suit against an alleged tortfeasor had standing to seek a declaration as to the validity of the alleged tortfeasor's liability insurance policy").

The City is well aware of its ability to pursue an insurance company, since on July 29, 2008, the City filed a citation to discover assets against plaintiff Medmarc as a result of a judgment that the City obtained against Lamontagne in its administrative tribunal. Although the City nonsuited its administrative complaint against one of the ASI policyholders (Carrillo), it still has an outstanding default judgement against the other ASI policyholder (Vargas), which it may similarly try to

21

No. 1-09-1693

pursue against ASI.

For the foregoing reasons, we find the that the default orders did not strip the insurance company of its standing to pursue its claims against defendant City.

### b. Mootness Due to Default Orders

Second, defendant City claimed in its motion to dismiss that the default orders rendered ASI's claims moot.

As a general rule, Illinois appellate courts will not review moot cases. In re Barbara H., 183 Ill. 2d 482, 491 (1998). A case on appeal becomes moot, when " 'the issues involved in the trial court no longer exist,' " and it is "impossible for the appellate court to grant the complaining party effectual relief." In re A Minor, 127 Ill. 2d 247, 255 (1989), quoting and citing LaSalle National Bank v. City of Chicago, 3 Ill. 2d 375, 378-79, 380 (1954); In re Barbara H., 183 Ill. 2d 482, 490-91 (1998) (consideration of the issues will not affect the result and "a decision on the merits cannot result in appropriate relief to the prevailing party"). The goal of the rule is for courts to avoid hearing cases where the parties no longer have " ' "a personal stake in the outcome." ' " In re A Minor, 127 Ill. 2d at 255, quoting People ex rel. Black v. Dukes, 96 Ill. 2d 273, 276-77 (1983), quoting Baker v. Carr, 369 U.S. 186, 204, 7 L. Ed. 2d 663, 678, 82 S. Ct. 691, 703 (1962). Without a personal

22

stake, parties lack the incentive to " ' "sharpen[]" ' " their arguments or to illustrate the issues with the " ' "concrete" ' " facts of their problems; and reviewing courts depend on the parties' sharp and concrete presentation for the fullest " ' "illumination" ' " of the issues. In re A Minor, 127 Ill. 2d at 255, quoting Black, 96 Ill. 2d at 276-77, quoting Baker, 369 U.S. at 204, 7 L. Ed. 2d at 678, 82 S. Ct. at 703. In short, "[m]ootness occurs once the plaintiff has secured what he basically sought." Hanna v. City of Chicago, 382 Ill. App. 3d 672, 677 (2008).

For the reasons discussed above in the section on standing, we find that the issues between ASI and the City of Chicago are not moot.

In addition, plaintiff ASI has claimed that the following two exceptions to the mootness doctrine apply: (1) the " ' "capable of repetition yet evading review" ' " exception; and (2) the public interest exception. In re A Minor, 127 Ill. 2d at 257-58, quoting Madison Park Bank v. Zagel, 91 Ill. 2d 231, 236 (1982), quoting Sansa v. Iowa, 419 U.S. 393, 399-400, 42 L. Ed. 2d 532, 540, 95 S.Ct. 553, 557 (1975).

To receive the benefit of the " 'capable of repetition yet evading review' " exception, the complainant must "demonstrate that: (1) the challenged action is in its duration too short to be fully litigated prior to its cessation and (2) there is a reasonable expectation that the same complaining party would be subjected to the

same action again." In re Barbara H., 183 Ill. 2d at 491, quoting and citing In re A Minor, 127 Ill. 2d at 258. Since we find below that the public interest exception applies, we need not consider the "capable of repetition yet evading review" exception.

" 'In order to fall into the public interest exception (1) the question must be of a public nature; (2) an authoritative determination of the question must be desirable for the purpose of guiding public officers; and (3) the question must be likely to recur.' " Filliung v. Adams, 387 Ill. App. 3d 40, 56 (2008), quoting Brown v. Duncan, 361 Ill. App. 3d 125, 134 (2005). "A clear showing of each factor is necessary to bring a case within this exception, and the exception is invoked only on rare occasions." Hanna, 382 Ill. App. 3d at 683.

This is one of the rare occasions. First, the question in this case is whether a municipal corporation as the City can pursue damages for motor vehicle accidents in an administrative proceeding, and that is a public question. Second, a decision by the court will guide public officers, namely the administrative judges and other city employees who are processing these complaints. Third, the question is likely to recur. The question is likely to recur, despite the fact that the City has revised its administrative complaint, as we discuss in the next section. Thus, we find both that

the default orders did not render the claims between ASI and the City moot, and that even if were to find the issues moot, we would then find that the public interest exception applies.

### c. Mootness Due to New Adminsitrative Complaint

Third, defendant City claimed in its motion to dismiss that plaintiff ASI's claims were also rendered moot by the fact that defendant City was no longer using the same administrative complaint that it had filed against the policyholders at issue here.

The change was merely cosmetic. Both the old and new complaints state that the City seeks judgments "for costs incurred by Petitioner reasonably related to Respondent's violation of State law and the Municipal Code of Chicago." (Emphasis added.) The old complaint in prefatory paragraphs also noted that the respondent had violated specific sections of the state's motor vehicle code. The new complaint eliminated the prefatory paragraphs. However, both complaints seek administrative resolutions for fees, costs and damages caused by motor vehicles to City property. Thus, they are essentially the same.

Thus, we find that ASI's claims against the City were not rendered moot by either the default orders or by the City's changes to the administrative complaint.

25

### d. Injunctive Relief

Fourth, the City claimed in its motion to dismiss that, without the existence of a live case or controversy, plaintiff ASI could not pursue injunctive and declaratory relief simply "to prevent defendant City from seeking administrative judgments against unidentified ASI insureds in the future." Since we have already held in the sections above that there is a live case and controversy, this claim must also fall.

Thus, we find that none of the grounds listed in defendant's motion to dismiss had merit; and the trial court's order, which simply adopted these grounds, must be reversed.

The underlying statutory and constitutional issues are not before us on this interlocutory appeal. Obviously, the City did not challenge its own statutory or constitutional authority in its own motion to dismiss. Since the trial court simply adopted the grounds stated in the City's motion, the statutory and constitutional issues were not part of the dismissal order, which is the subject of this interlocutory appeal. The only issues in the dismissal order were mootness and standing, which we have already decided.

The Illinois Municipal Code states that: "Any municipality may provide by

ordinance for a system of administrative adjudication of municipal code violations to the extent permitted by the Illinois Constitution." 65 ILCS 5/1-2.1-2 (West 2008). This same section specifically excludes motor vehicle offenses. The very next sentence states: "A 'system of administrative adjudication' means the adjudication of any violation of a municipal ordinance, except for *** any offense under the Illinois Vehicle Code or a similar offense that is a traffic regulation governing the movement of vehicles." 65 ILCS 5/1-2.1-2 (West 2008). However, this issue was not the basis of the City's dismissal motion or the resulting dismissal order, and thus is not an issue on this interlocutory appeal. In remanding for further proceedings, we follow the precedent set by this division in State Farm Mutual Automobile Insurance Co. v. City of Chicago, 398 Ill. App. 3d 832, 836 (2010). In State Farm, after finding that the insurance company's action against the City of Chicago did allege an actual controversy, this division reversed the trial court's dismissal order and remanded to the trial court for further proceedings consistent with its opinion. State Farm, 398 Ill. App. 3d at 836.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's partial dismissal order which dismissed plaintiff ASI's two counts against defendant City, and we remand

No. 1-09-1693

for further proceedings consistent with this opinion.

Reversed and remanded.

CAHILL and McBRIDE, JJ., concur.